No. 24-10760

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

SCOTT MCNUTT, HOBBY DISTILLERS ASSOCIATION,

Plaintiffs-Appellees,

RICK MORRIS, THOMAS O. COWDREY III, JOHN PRINCE III,
Plaintiffs-Cross-Appellants,

v.

U.S. DEPARTMENT OF JUSTICE,
ALCOHOL AND TOBACCO TAX AND TRADE BUREAU,

Defendants-Appellants/Cross-Appellees.

On Appeal from the United States District Court
for the Northern District of Texas

**DEFENDANTS-APPELLANTS' MOTION TO EXPEDITE APPEAL**

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

LEIGHA SIMONTON
  *United States Attorney*

MARK B. STERN
SARAH J. CLARK
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7216*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8727*

# CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required, as defendants-appellants are all governmental parties. 5th Cir. R. 28.2.1.

# MOTION TO EXPEDITE APPEAL

Defendants-appellants respectfully request that the Court expedite briefing in this appeal and schedule oral argument on the first available date after the close of briefing. Plaintiffs oppose an expedited briefing schedule but do not oppose expediting oral argument.

1. This case concerns two statutory provisions, in effect for over 150 years, that place restrictions on the areas in which distilled spirits may be produced. Under 26 U.S.C. § 5178(a)(1)(B), "[n]o distilled spirits plant for the production of distilled spirits shall be located in any dwelling house, in any shed, yard, or inclosure connected with any dwelling house, or on board any vessel or boat, or on premises where beer or wine is made or produced, or liquors of any description are retailed, or on premises where any other business is carried on (except when authorized under subsection (b))." And under 26 U.S.C. § 5601(a)(6), violating this location restriction is punishable by a fine or imprisonment. The Alcohol and Tobacco Tax and Trade Bureau (TTB) evaluates permit applications for distilled spirits plants and, as part of that process, assesses whether an intended distilled spirit plant is in a location forbidden under 26 U.S.C. § 5178(a)(1)(B).

The Hobby Distillers Association and four of its members challenged these statutory provisions as exceeding Congress's authority. The district court entered final judgment on July 11, 2024, declaring both provisions unconstitutional and permanently enjoining their enforcement against the Association and its members. *See* Order 31-32,

1

ECF 49; Judgment, ECF 50. The government appealed. ECF 51. The three individual plaintiffs who had been dismissed for lack of standing cross-appealed. ECF 52.

2. The Court may expedite an appeal for good cause. *See* 5th Cir. R. 27.5; 5th Cir. R. 34.5; *see also* 28 U.S.C. § 1657(a) ("'good cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit").

Good cause exists to expedite this appeal. The district court declared unconstitutional an Act of Congress that has been in place for over 150 years. It is appropriate that the challenge be resolved with expedition. Doing so is in the interests of the parties and other potential applicants for distilling permits, all of whom require certainty regarding the governing standards.

In addition, notwithstanding the current uncertainty, members of Hobby Distillers Association may apply for distilling permits while this appeal is pending. We are informed by TTB that there are a limited number of employees who are trained to process these complex applications, and that expanding the number of applications that require processing is likely to extend application-processing times for all distilled spirits plant applications beyond the current 70-day average. All applicants will thus benefit from expedited resolution of this appeal.

3. Plaintiffs oppose expediting the briefing schedule but do not oppose expediting the scheduling of oral argument following briefing.

CONCLUSION

The Court should expedite briefing in this appeal and schedule oral argument on the first available date after the close of briefing.

                                                    Respectfully submitted,

                                                    MARK. B. STERN

                                                   *s/ Sarah J. Clark*
                                                 SARAH J. CLARK
                                                     *Attorneys, Appellate Staff*
                                                     *Civil Division, Room 7216*
                                                     *U.S. Department of Justice*
                                                     *950 Pennsylvania Avenue NW*
                                                     *Washington, DC 20530*
                                                     *(202) 305-8727*
AUGUST 2024                                       *sarah.clark@usdoj.gov*

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users.

*s/ Sarah J. Clark*
Sarah J. Clark

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 511 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Sarah J. Clark*
Sarah J. Clark
