No. 24-10760

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

◆

**SCOTT MCNUTT,**
*Plaintiff-Appellee,*

RICK MORRIS; HOBBY DISTILLERS ASSOCIATION; THOMAS
O. COWDREY, III; JOHN PRINCE, III,
*Plaintiffs-Appellees/Cross-Appellants,*

v.

**U.S. DEPARTMENT OF JUSTICE; ALCOHOL AND TOBACCO
TAX AND TRADE BUREAU, A BUREAU OF THE U.S.
DEPARTMENT OF THE TREASURY,**
*Defendants-Appellants/Cross-Appellees.*

◆

On Appeal from the United States District Court
for the Northern District of Texas

◆

**BRIEF OF AMICUS CURIAE
SOUTHERN POLICY LAW INSTITUTE
SUPPORTING PLAINTIFF-APPELLEE SCOTT MCNUTT
AND PLAINTIFFS-APPELLEES/CROSS-APPELLANTS**

Theodore M. Cooperstein
MS Bar No. 106208
THEODORE COOPERSTEIN PLLC
1888 Main Street, Suite C-203
Madison, MS  39110
(601) 397-2471
ted@appealslawyer.us

# CERTIFICATE OF INTERESTED PERSONS

Counsel certifies that the following listed persons and entities as described in the fourth sentence of 5TH CIR. RULE 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualifications or recusal.

**Plaintiffs-*Appellees/Cross-Appellants*:**
Hobby Distillers Association
Scott McNutt
Rick Morris
Thomas O. Cowdrey III
John Prince III

**Counsel for Plaintiffs:**
Devin Watkins
Dan Greenberg
Andrew M. Grossman
Kristin Shapiro
Robert Alt

**Counsel for Plaintiffs' Employer:**
Competitive Enterprise Institute
Baker & Hostetler LLP
The Buckeye Institute

**Defendants-Appellants/Cross-Appellees:**
U.S. Department of Justice
Alcohol and Tobacco Tax Trade Bureau

**Counsel for Defendants:**

Elizabeth Murray Tulis
Sarah Jane Clark

***Amicus Curiae* supporting Plaintiffs-*Appellees/Cross-Appellants:***
Southern Policy Law Institute

**Counsel for *Amicus Curiae*:**
Theodore M. Cooperstein

*/s/ Theodore M. Cooperstein*
Theodore M. Cooperstein
Attorney of Record for
Southern Policy Law Institute

## CORPORATE DISCLOSURE STATEMENT

*Amicus curiae* Southern Policy Law Institute (SPLI) is a 501c3 non-profit corporation, incorporated in Mississippi. SPLI has no parent corporation, nor does any publicly held corporation own 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS .....................................i

CORPORATE DISCLOSURE STATEMENT....................................ii

TABLE OF CONTENTS ....................................................... iii

TABLE OF AUTHORITIES ....................................................... v

INTEREST OF *AMICUS* ........................................................ 1

SUMMARY OF ARGUMENT ..................................................... 2

ARGUMENT ...................................................................... 3

I. All the Plaintiffs have standing to challenge the constitutionality of the statute.............................................................................. 3

    A. Standard of review ..................................................... 4

    B. The Individual Plaintiffs each have standing. Standing overlaps with, but is not the same as, ripeness. The district court confused the status of the individual plaintiffs, in that Scott McNutt brought his challenge as-applied, while the remaining individual plaintiffs brought facial challenges, to the constitutionality of the law. .......................... 4

    1. Plaintiff Scott McNutt has standing to sue................................. 5

    2. Remaining Individual Plaintiffs have the same credible fear of Enforcement. They are identical to McNutt in all other aspects of standing. They too have standing to sue.................................... 7

    C. The Associational Plaintiff has standing to sue......................... 13

CONCLUSION .................................................................. 15

**TABLE OF CONTENTS (Cont'd)**

**Page**

CERTIFICATE OF SERVICE ................................................... 16

CERTIFICATE OF COMPLIANCE ........................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Babbitt v. United Farm Workers Nat'l Union,*
442 U.S. 289 (1979)..................................................................... 6, 9

*Barilla v. City of Houston,*
13 F.4th 427 (5th Cir. 2021) ......................................................... 12

*Book People, Inc. v. Wong,*
91 F.4th 318 (5th Cir. 2024) ........................................ 4, 5, 11, 13, 14

*Braidwood Mgmt., Inc. v. EEOC,*
70 F.4th 914 (5th Cir. 2023) ........................................................... 4

*Clapper v. Amnesty Int'l USA,*
568 U.S. 398 (2013) ........................................................................ 5

*Davidson v. Fairchild Controls Corp.,*
882 F.3d 180 (5th Cir. 2018) ........................................................... 4

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock,*
477 U.S. 274 (1986) ...................................................................... 13

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992) ......................................................................... 5

*Mississippi State Democratic Party v. Barbour,*
529 F.3d 538 (5th Cir. 2008) ............................................... 9, 10, 12

*NRA v. McCraw,*
719 F.3d 338 (5th Cir. 2013) ................................................... 4, 5, 6

*Pennsylvania v. West Virginia,*
262 U.S. 553 (1923) ......................................................................... 6

# TABLE OF AUTHORITIES (Cont'd)

Page(s)

*Sec'y of State of Md. v. Joseph H. Munson Co.,*
467 U.S. 947 (1984) ............................................................. 11

*Speech First, Inc. v. Fenves,*
979 F.3d 319 (5th Cir. 2020) ........................................ 8, 11, 13, 14

*Susan B. Anthony List v. Driehaus,*
573 U.S. 149 (2014) ..................................... 4, 5, 6, 8, 9, 10

*Turtle Island Foods, S.P.C. v. Strain,*
65 F.4th 211 (5th Cir. 2023) ..................................... 4, 6

*Virginia v. Am. Booksellers Ass'n,*
484 U.S. 383 (1988) ............................................... 8, 9

## Constitution

U.S. CONST. art. III ................................................. 2, 4

## Rules

FED. R. APP. P. 29(a)(2) ............................................. 1

FED. R. APP. P. 29(a)(4)(E) ......................................... 1

FED. R. APP. P. 29(a)(5) ........................................... 17

FED. R. APP. P. 32(a)(5) ........................................... 17

FED. R. APP. P. 32(a)(6) ........................................... 17

FED. R. APP. P. 32(a)(7)(B) ........................................ 17

FED. R. APP. P. 32(a)(7)(B)(iii) ................................... 17

# TABLE OF AUTHORITIES (Cont'd)

**Page(s)**

5TH CIR. R. 25.2.1 ...................................................................... 16

5TH CIR. R. 25.2.13 .................................................................... 16

5TH CIR. R. 29.3 ........................................................................ 17

**Other Authorities**

*Injury in fact*, BLACK'S LAW DICTIONARY (12th ed. 2024) .........................5

*Ripeness*, BLACK'S LAW DICTIONARY (12th ed. 2024) ............................ 10

# INTEREST OF *AMICUS*[1]

The parties to this appeal and cross-appeal have consented, in accordance with FED. R. APP. R. 29(a)(2), to the submission of this brief by *Amicus curiae*.

The Southern Policy Law Institute (SPLI) is a nonprofit, nonpartisan 501(c)(3) public policy educational research organization charged with researching, developing, and promoting public policy alternatives that advance individual liberties, support local self-government, and promote entrepreneurship and job creation. SPLI is substantially supported by contributions. Its activities include publications, public events, media commentary, invited executive and legislative consultation, and community outreach.

In the present appeal, SPLI urges that the Court should affirm the district court's holding that Plaintiff McNutt and the Hobby Distillers Association have standing; reverse the district court's holding that the

---

[1] *Amicus* states, pursuant to FED. R. APP. P. 29(a)(4)(E), that this brief was not authored in whole or in part by counsel for any party, and that no person or entity other than *amicus*, its members, or its counsel has made monetary contributions to its preparation and submission.

1

Cross-Appellants lacked standing; and affirm the district court's judgment in favor of the Plaintiffs on the merits.

SPLI supports public interest litigation that defends economic opportunity and individual liberty. The Individual and Associational Plaintiffs' challenges to the statute correspond to SPLI's desire to remove obstacles impeding, and maximize avenues for, proper remedies against improvident government action.

## SUMMARY OF ARGUMENT

The issues of standing to sue for invalidation of an unconstitutional law transcend this lawsuit. The Court's decisions and reasoning will carry precedential weight.

Individual Plaintiffs Scott McNutt, *et al.*, meet the three criteria for standing under Article III of the U.S. Constitution: They present a live case or controversy by alleging (1) an injury in fact, (2) traceability of the injury to the defendant; and (3) a likelihood the injury will be redressed by the court's favorable decision.

The posture of this case as a pre-enforcement challenge to the law calls for plaintiffs to show injury in fact by showing sincere intent to engage in proscribed conduct coupled with a credible threat of

2

prosecution. The district court correctly found Scott McNutt meets these criteria. By extension, on the basis of Scott McNutt's membership, the court also found associational standing to sue exists for the plaintiff Hobby Distillers Association.

The district court erred by distinguishing Scott McNutt from all other plaintiffs, finding that only McNutt showed a credible fear of the law's enforcement. McNutt's receipt of a warning letter from the Government certainly evidenced such a credible threat. But the receipt of such a letter was not indispensable nor necessary to establish the credibility of a threat of enforcement against other plaintiffs.

Accordingly, the Court should affirm the district court's holding that Plaintiffs McNutt and the Hobby Distillers Association have standing; reverse the district court's holding that the Cross-Appellants lacked standing; and affirm the district court's judgment in favor of the Plaintiffs on the merits.

## ARGUMENT

### I. All the Plaintiffs have standing to challenge the constitutionality of the statute.

The district court ruled that plaintiff-appellee Scott McNutt has standing, but the remaining individual plaintiffs-appellees/cross-

3

appellants failed to meet the legal requirements of standing. ROA.582, 584, 586. On strength of McNutt's standing, the court ruled that plaintiff-appellee/cross-appellant Hobby Distillers Association has associational standing. ROA.585-86.

### A. Standard of review

This Court reviews district court determinations of standing de novo. *Book People, Inc. v. Wong*, 91 F.4th 318, 328 (5th Cir. 2024); *Turtle Island Foods, S.P.C. v., Strain,* 65 F.4th 211, 215 (5th Cir. 2023). In addition, the Court reviews ripeness de novo. *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 923 (5th Cir. 2023); *Strain*, 65 F.4th at 215.

The Court reviews grants of preliminary injunction and entry of summary judgment de novo. *Wong*, 91 F.4th at 328; *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018); *NRA v. McCraw*, 719 F.3d 338, 343 (5th Cir. 2013).

### B. The Individual Plaintiffs each have standing. Standing overlaps with, but is not the same as, ripeness. The district court confused the status of the individual plaintiffs, in that Scott McNutt brought his challenge as-applied, while the remaining individual plaintiffs brought facial challenges, to the constitutionality of the law.

Article III of the Constitution limits federal courts to decide only cases or controversies. U.S. CONST. art. III; *Susan B. Anthony List v.*

4

*Driehaus*, 573 U.S. 149, 157 (2014). To ensure that a true case or controversy exists, courts require that plaintiffs have legal standing to bring the suit. *Id.*; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The burden is on the plaintiff to demonstrate he has standing. *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 408 (2013); *Wong*, 91 F.4th at 328; *McCraw*, 719 F.3d at 343.

The Supreme Court has defined standing to require three elements be present: (1) an allegation of an injury in fact[2] to the plaintiff; (2) a causation element in that the injury is traceable to the defendant and his alleged conduct or legal position; and (3) a likelihood the injury will be redressed by the remedy requested of the Court. *Driehaus*, 573 U.S. at 157-58; *Lujan*, 504 U.S. at 560-61; *Wong*, 91 F.4th at 328.

### 1.  Plaintiff Scott McNutt has standing to sue.

The district court correctly identified the three part test to determine standing. ROA.578. Applying the standards, the court properly found that Scott McNutt has standing. ROA.579-82 ("Individual

---

[2] *See Injury in fact*, BLACK'S LAW DICTIONARY (12th ed. 2024): "An actual or imminent invasion of a legally protected interest, in contrast to an invasion that is conjectural or hypothetical. An injury in fact gives the victim standing to bring an action for damages."

Plaintiff McNutt has established a sincere intent to engage in proscribed conduct while facing a credible threat of prosecution.") (cleaned up). McNutt alleges an injury in fact, in a pre-enforcement challenge to the law. ROA.579. McNutt accordingly must meet the injury in fact requirement by demonstrating "a realistic danger of sustaining a direct injury [from the law's] enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979); *Strain*, 65 F.4th at 217-18; *McGraw*, 719 F.3d at 345. ROA.579.

When a plaintiff challenges the constitutionality of a law prior to its enforcement, "it is not necessary that the plaintiff first expose himself to actual arrest or prosecution." *Babbitt*, 442 U.S. at 298 (citation omitted). While one who was already arrested under the law shows an "injury sufficient to satisfy Article III," by contrast, an "allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Driehaus*, 573 U.S. at 158 (cleaned up); *Babbitt*, 442 U.S. at 298 (citing *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923)). That claim must comprise an allegation of "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and

6

there exists a credible threat of prosecution thereunder." *Driehaus*, 573 U.S. at 159; *Babbitt*, 442 U.S. at 298.

Because McNutt in fact had received a letter from the Tax and Trade Bureau (TTB), the court deemed the threat of McNutt's prosecution to be sufficiently credible to grant McNutt standing to challenge the law prior to its enforcement. ROA.581-82. Accordingly, McNutt has alleged an injury in fact.

The Government instead contends that McNutt lacks standing. Appellant Opening Brief ("Op. Br.") 10-13. Specifically, the Government argues that McNutt has "not shown a substantial credible threat of prosecution." Op. Br. 12. Plaintiff-Appellee McNutt has amply refuted this argument to show there is standing. Appellee Brief ("App. Br.") 15-37.

**2. Remaining Individual Plaintiffs have the same credible fear of enforcement. They are identical to McNutt in all other aspects of standing. They too have standing to sue.**

The court found that the remaining individual plaintiffs did not, like McNutt, show a pre-enforcement injury in fact, and thus could not qualify for standing, solely because TTB had not also sent them letters. ROA.582. "Only McNutt received such a notice." ROA.582. The court

accordingly dismissed all individual Plaintiffs other than McNutt. ROA.582.

In finding standing for McNutt, while distinguishing the remaining Individual Plaintiffs, the district court erred in making a distinction without a material, legal difference. As the court noted, each of the Plaintiffs demonstrated a sufficiently sincere intent to engage in the proscribed conduct. ROA.581. Yet the court considered only the threat of enforcement as to McNutt was credible. ROA.581. Because none of the other Individual Plaintiffs had yet received such a letter, "only Individual Plaintiff McNutt has established a sincere intent to engage in proscribed conduct *while facing* a credible threat of prosecution." ROA.582.

While receipt of a warning letter suffices to make the threat credible, it should not be necessary. *Fenves*, 979 F.3d at 336 ("a lack of past enforcement does not alone doom a claim of standing."). Prosecuting any one of the individual Plaintiffs is made real and credible simply by McNutt's receipt of a letter.

The Government has not "disavowed enforcement" of the law against any of the plaintiffs. *Driehaus*, 543 U.S. at 165; *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988) (where Government "has

8

not suggested that the newly enacted law will not be enforced, and we see no reason to assume otherwise. We conclude that plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them."). When the Government "has not disavowed any intention of invoking the criminal penalty provision. … [Plaintiffs] are thus not without some reason in fearing prosecution for violation of the [law] … [T]he positions of the parties are sufficiently adverse … to present a case or controversy within the jurisdiction of the District Court." *Babbitt*, 442 U.S. at 302.

That TTB letter to McNutt proves the prosecution is no mere bluff, and it is sufficient basis on which similarly situated Individual Plaintiffs might reasonably and credibly fear prosecution. *See Driehaus*, 573 U.S. at 164 ("past enforcement against the same conduct is good evidence that the threat of enforcement is not chimerical."); *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. at 392 ("That [injury in fact] requirement is met here, as the law is aimed directly at plaintiffs."); *see also Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 547 (5th Cir. 2008) ("the plaintiff must be seriously interested in disobeying the statute.").

Without using the term, the court appears to have invoked tacitly

a concept of ripeness,[3] to distinguish McNutt's claims from the remaining plaintiffs' claims. Ripeness overlaps with standing, yet the two concepts are essentially distinct. Ripeness means "whether the harm asserted has matured sufficiently to warrant judicial intervention." *Barbour*, 529 F.3d at 544-45 ("Ripeness often overlaps with standing, most notably in the shared requirement that the injury be imminent rather than conjectural or hypothetical."); *see also Driehaus*, 573 U.S. at 157 n.5 ("The doctrines of standing and ripeness originate from the same Article III limitation."). In this case, the court has overlooked the presence of an issue ready and susceptible to legal decision, and evades the issue presented by fashioning an arbitrary prerequisite. ROA.582.

The Court has recognized that, "A claim is fit for judicial decision if it presents a pure question of law that needs no further factual development. If a claim is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe." *Wong*, 91 F.4th at 333 & nn.80-82. In pre-enforcement challenge cases,

---

[3] *See Ripeness,* BLACK'S LAW DICTIONARY: "1. The state of a dispute that has reached, but has not passed, the point when the facts have developed sufficiently to permit an intelligent and useful decision to be made. 2. The requirement that this state must exist before a court will decide a controversy."

the Court has held that while "there must be some evidence that a rule would be applied to the plaintiff in order for that plaintiff to bring an as-applied challenge, that is not the case for facial challenges." *Fenves*, 979 F.3d at 335.

Each of the individual plaintiffs presents the same issue that is equally ripe for decision on their respective claims. *See Wong*, 91 F.4th at 333-34 ("No other factual or legal developments are required for us to decide this case."). The true difference, if the TTB letter were essential or determinative, would be better characterized as whether a plaintiff's challenge to the law was as-applied, or a facial challenge. The fact that McNutt received a TTB letter argues for his case to be a challenge to the application of the law to him, as TTB has specifically trained the law's cross-hairs upon him.

In contrast, if TTB's failure to send threat letters to the other individual plaintiffs is a material difference, remaining plaintiffs have an issue ripe for decision by the court, albeit a challenge to the law on its face, as opposed to the specific application to each plaintiff. *See Sec'y of State of Md. v. Joseph H. Munson Co., Inc.,* 467 U.S. 947, 959 (1984) ("if the plaintiff does not prevail on the merits of its facial challenge and

11

cannot demonstrate that, as applied to it, the statute is unconstitutional, it [only then] has no 'standing' to allege that, as applied to others, the statute might be unconstitutional"). Both the as applied challenge and the facial challenge to the law's constitutionality are ready for the court to make its legal decision.

That Scott McNutt did receive a threat letter from TTB is indeed evidence of a credible threat of prosecution. ROA.582. That the remaining individual plaintiffs had **not yet** received an identical letter, should not preclude the court from finding that nonetheless they too faced a credible threat of prosecution. The other plaintiffs made "concrete plans" with "evidence to demonstrate a serious interest" in proscribed conduct. *Barbour*, 529 F.3d at 546; ROA.580-81. Indeed, the receipt by McNutt of such a letter, known generally among the associated plaintiffs and their Distillers Hobby Association, suffices as evidence of credible threats of prosecution to them all. *See also Barilla v. City of Houston,* 13 F.4th 427, 432 (5th Cir. 2021) (finding allegations sufficient "to demonstrate a serious intent to engage in proscribed conduct by taking some seps toward their desired activity.").

**C. The Associational Plaintiff has standing to sue.**

Because the Hobby Distillers Association "seeks a preliminary injunction on behalf of its members, it must clearly show that it likely has associational standing to bring its case on the merits." *Fenves*, 979 F.3d at 330. The requirements for associational standing are "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.*; *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 282 (1986). The Hobby Distillers Association meets these criteria.

The court determined that Scott McNutt, a member of the Hobby Distillers Association, had standing to sue in his own right. ROA.581, 585. *Wong*, 91 F.4th at 329 ("the presence of one plaintiff with standing to pursue injunctive relief … satisfies Article III's case-or-controversy requirement.").

The Hobby Distillers Association was formed and exists for the very purpose of furthering and protecting the rights of its members to privately distill spirits at home. ROA.585. These purposes are identical

13

to the interests for which plaintiffs brought their suit. ROA.585. *Wong*, 91 F.4th at 330 ("the statute arguably facially restricts Plaintiffs' intended future conduct.")

The determination of the law's constitutionality in this case does not turn on the participation of any one particular member of the Association. The interests at stake are broadly shared across the membership, and the presence of any one member, here McNutt, suffices to further the action and the interests of the Association and all of its members. Accordingly, the third requirement for associational standing is met. ROA.585-86. *See Fenves*, 979 F.3d at 330; *Wong*, 91 F.4th at 329 & n.47.

The Government contends nonetheless that standing fails for Hobby Distillers Association, entirely on the basis of its argument that McNutt has no standing. Op. Br.13. Because McNutt does indeed have standing, absent any other argument abandoned by the Government, the argument against associational standing fails.

# CONCLUSION

The Court should affirm the district court's holding that Plaintiffs McNutt and the Hobby Distillers Association have standing; reverse the district court's holding that the Cross-Appellants lacked standing; and affirm the district court's judgment in favor of the Plaintiffs on the merits.

Respectfully submitted,

December 18, 2024

*/s/ Theodore M. Cooperstein*
Theodore M. Cooperstein
Miss. Bar No. 106208

THEODORE COOPERSTEIN PLLC
1888 Main Street, Suite C-203
Madison, MS 39110
(601) 397-2471
ted@appealslawyer.us

*Counsel for Amicus Curiae*
*Southern Policy Law Institute*

## CERTIFICATE OF SERVICE

I certify that on December 18, 2024, the foregoing Brief was filed electronically using the Court's CM/ECF system, which will give notice of the filing to all counsel.

I further certify that (1) the required privacy redactions have been made, per 5TH CIR. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, per 5TH CIR. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

I further certify that I will mail the correct number of paper copies of the foregoing document to the Clerk of the Court when requested.

/s/ *Theodore M. Cooperstein*
Theodore M. Cooperstein

*Attorney for Amicus Curiae*
*Southern Policy Law Institute*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) and FED. R. APP. P. 29(a)(5) and 5TH CIR. R. 29.3 because this brief contains 2,690 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Apple Pages in Century Schoolbook font size 14.

*/s/ Theodore M. Cooperstein*
Theodore M. Cooperstein

*Attorney for Amicus Curiae*
*Southern Policy Law Institute*